# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

OSCAR ALEJANDRO ESTRADA-
RODRIGUEZ,
                    *Petitioner,*

          v.

MICHAEL B. MUKASEY,* Attorney
General,
                    *Respondent.*

No. 06-75064

Agency No.
A44-565-408

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
December 7, 2007—San Francisco, California

Filed December 28, 2007

Before: Dorothy W. Nelson and Carlos T. Bea,
Circuit Judges, and Louis F. Oberdorfer,** Senior Judge.

Opinion by Judge D.W. Nelson

---

*Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

**The Honorable Louis F. Oberdorfer, Senior United States District Judge for the District of Columbia, sitting by designation.

**COUNSEL**

Jose A. Bracamonte, Law Office of Jose A. Bracamonte, Phoenix, Arizona, for the petitioner.

Eric W. Marsteller and Kristin K. Edison, United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for the respondent.

**OPINION**

D.W. NELSON, Senior Circuit Judge:

Oscar Alejandro Estrada-Rodriguez seeks review of the Board of Immigration Appeals' ("BIA") determination that he

was removeable as an aggravated felon based upon his conviction for resisting arrest under Arizona Revised Statutes § 13-2508. The BIA characterized § 13-2508 as a crime of violence under 8 U.S.C. § 1101(a)(43)(F), which classifies crimes of violence as aggravated felonies. Estrada-Rodriguez petitions this court to find that his offense does not constitute a crime of violence under categorical or modified categorical analysis. We deny review and hold that resisting arrest under Arizona Revised Statutes § 13-2508 categorically constitutes a crime of violence.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 11, 2002, Oscar Alejandro Estrada-Rodriguez was convicted of resisting arrest in violation of Arizona Revised Statutes § 13-2508 and sentenced to one year of imprisonment. Part A of § 13-2508 defines resisting arrest as either (1) "[u]sing or threatening to use physical force against the peace officer or another;" or (2) "[u]sing any other means creating a substantial risk of causing physical injury to the peace officer or another." ARIZ. REV. STAT. § 13-2508. Neither the complaint nor the conviction document specified which sub-section of the statute Estrada-Rodriguez violated.

On September 8, 2004, the Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear. The Notice alleged removability under 8 U.S.C. § 1227(a)(2)(A)(iii) because Estrada-Rodriguez had been convicted of a "crime of violence" classified as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F). Estrada-Rodriguez filed a motion to terminate removal proceedings on the grounds that his offense did not constitute a crime of violence. Originally, the immigration judge ("IJ") granted Estrada-Rodriguez's motion to terminate. The IJ reasoned that § 13-2508 was divisible into two subsections; the record was unclear as to which subsection sustained the conviction; and

the IJ believed that subsection (A)(2) did not categorically constitute a crime of violence.

In November 2004, DHS filed a notice of appeal to the BIA questioning "whether subsection (A)(2) of the Arizona statute constitutes a crime of violence, for purposes of charging [Estrada-Rodriguez] with an 'aggravated felony' under immigration law." The BIA sustained the appeal and defined "crime of violence" by reference to 18 U.S.C. § 16. The BIA found that resisting arrest under Arizona Revised Statutes § 13-2508(A)(2) did not categorically constitute a crime of violence under § 16(a), and focused its inquiry on § 16(b).[1] The BIA reasoned that because resisting arrest involves a risk that physical force might be required in commission of the crime, violation of § 13-2508 categorically qualifies as a crime involving violence under 18 U.S.C. § 16(b). The BIA remanded the matter to the IJ for further proceedings.

On remand, the IJ acknowledged that he was bound by the BIA's determination that Estrada-Rodriguez's conviction constitutes an aggravated felony. Having been convicted of an aggravated felony, Estrada-Rodriguez was ineligible for any relief. The IJ ordered Estrada-Rodriguez removed to Mexico. On September 28, 2006, the BIA affirmed the IJ's decision without opinion. Estrada-Rodriguez petitioned for review on October 26, 2006.

## JURISDICTION

This court has jurisdiction over questions of law raised within petitions for review pursuant to 8 U.S.C. § 1252(a)(2)(D). Whether an offense constitutes an aggravated felony is a question of law. *Martinez-Perez v. Gonzales,*

---

[1]Section 16(b) defines a crime of violence as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

417 F.3d 1022, 1025 (9th Cir. 2005). Therefore, this court has jurisdiction to review the BIA's characterization of the offense as an aggravated felony. *Id.* Because we characterize Estrada-Rodriguez's offense as an aggravated felony, INA § 242(a)(2)(C) prohibits judicial review of the IJ's final order of removal. 8 U.S.C. § 1252(a)(2)(C).

## STANDARD OF REVIEW

"Whether an offense is an aggravated felony under 8 U.S.C. § 1101(a) is a legal question reviewed de novo." *Martinez-Perez,* 417 F.3d at 1025. Although BIA interpretations of immigration statutes are entitled to some deference, *Kankamalage v. INS*, 335 F.3d 858, 862 (9th Cir. 2003), "interpretations promulgated in a non-precedential manner are 'beyond the *Chevron* pale.' " *Garcia-Quintero v. Gonzales*, 455 F.3d 1006, 1012 (9th Cir. 2006) (*quoting United States v. Mead Corp.*, 533 U.S. 218, 226 (2001)). The BIA's decision in this case was neither published nor marked as precedential. Consequently, the applicable standard of review is the *Skidmore* "power to persuade" standard. *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944).

## DISCUSSION

## I.  CATEGORICAL APPROACH

**[1]** "Crime[s] of violence," which constitute aggravated felonies under 8 U.S.C. § 1101(a)(43)(F), are defined by reference to 18 U.S.C. § 16. This court uses the categorical approach laid out in *Taylor v. United States*, 495 U.S. 575 (1990), to determine whether an offense qualifies as a crime of violence under 18 U.S.C. § 16. *See, e.g., Ruiz-Morales v. Ashcroft*, 361 F.3d 1219, 1221-22 (9th Cir. 2004). We first "make a categorical comparison of the elements of the statute of conviction to the generic definition, and decide whether the conduct proscribed [by the state statute] is broader than, and so does not categorically fall within, this generic definition."

*Huerta-Guevara v. Ashcroft*, 321 F.3d 883, 887 (9th Cir. 2003). When applying the categorical approach, we "look to the elements and the nature of the offense of conviction, rather than to the particular facts relating to petitioner's crime." *Leocal v. Ashcroft*, 543 U.S. 1, 6-7 (2004).

A.   STATUTORY LANGUAGE

Arizona's resisting arrest statute reads:

> A.   A person commits resisting arrest by intentionally preventing or attempting to prevent a person reasonably known to him to be a peace officer, acting under color of such peace officer's official authority, from effecting an arrest by:
>
> > 1.   Using or threatening to use physical force against the peace officer or another; or
> >
> > 2.   Using any other means creating a substantial risk of causing physical injury to the peace officer or another.
>
> B.   Resisting arrest is a class 6 felony.

ARIZ. REV. STAT. § 13-2508. The panel must determine whether any crime encompassed by § 13-2508 falls outside the 18 U.S.C. § 16 statutory definition of crime of violence:

> (a)   an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b)   any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. By the plain language of the statutes, all conduct that might violate § 13-2508(A)(1) would also fall within 18 U.S.C. § 16(a). The argument on appeal focuses on the relationship between § 13-2508(A)(2) and 18 U.S.C. § 16(b).

## B.   PHYSICAL FORCE UNDER 18 U.S.C. § 16(b)

**[2]** The Supreme Court clarified the scope of 18 U.S.C. § 16(b) in *Leocal v. Ashcroft*, 543 U.S. 1, 10 (2004). According to the Court, this section:

> covers offenses that naturally involve a person acting in disregard of the risk that physical force might be used against another in committing an offense. The reckless disregard in § 16 relates *not* to the general conduct or to the possibility that harm will result from a person's conduct, but to the risk that the use of physical force against another might be required in committing a crime.

*Id*. The Court illustrated its point by commenting in dicta that a burglary constitutes a crime of violence because "burglary, by its nature, involves a substantial risk that the burglar will use force. . . ." *Id*. In contrast, the DUI at issue in *Leocal* did not constitute a crime of violence because such crimes must have "a higher *mens rea* than [ ] merely accidental or negligent conduct. . . ." *Id.* at 11.

**[3]** Violation of § 13-2508(A) requires intentional action, which satisfies the *mens rea* requirement of *Leocal*. Additionally, resisting arrest naturally involves the risk that physical force may be used against an officer. In *State v. Womack*, 847 P.2d 609, 613 (Ariz. Ct. App. 1992), an Arizona appellate court decided that nonviolent flight from an attempted arrest did not constitute resisting arrest under § 13-2508(A)(2). The court favorably quoted the Arizona Criminal Code Commission's commentary that "[n]either [nonviolent] nonsubmission nor flight are covered" by resisting arrest statutes. *Id.* at 612.

The court cited the proposition that "*[t]here must be actual opposition or resistance*, making necessary, under the circumstances, the use of force." *Id.* at 613 (quoting *State v. Avnayim*, 185 A.2d 295, 298-99 (Conn. App. Ct. 1962)).

**[4]** When persons undertake resisting arrest under § 13-2508(A)(2), they take the chance that the incident will escalate and that "the use of physical force against another might be required in committing [the] crime." *Leocal*, 543 U.S. at 10. Under this reasoning, § 13-2508(A) comports with the interpretation of 18 U.S.C. § 16(b) advanced by the Supreme Court in *Leocal*.

## CONCLUSION

**[5]** For the foregoing reasons, we hold that resisting arrest under Arizona Revised Statutes § 13-2508 is categorically an aggravated felony under 8 U.S.C. § 1101(a)(43)(F), as defined by 18 U.S.C. § 16.

**PETITION FOR REVIEW DENIED.**