# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BORIS EDEMBER DELGADO-
HERNANDEZ,
                    *Petitioner,*

            v.

ERIC H. HOLDER JR., Attorney
General,
                    *Respondent.*

No. 08-70789

Agency No.
A029-273-534

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 1, 2009*
Seattle, Washington

Filed September 9, 2009

Before: Michael Daly Hawkins, M. Margaret McKeown and
Jay S. Bybee, Circuit Judges.

Per Curiam Opinion

---

*The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Jaime Lasso, Westlake Village, California for the petitioner.

T. Bo Stanton, Trial Attorney and Susan K. Houser, Senior Litigation Counsel, Office of Immigration Litigation, Washington, D.C. for the respondent.

## OPINION

PER CURIAM:

Boris Edember Delgado-Hernandez ("Delgado") seeks review of a final order of removal based on the Board of Immigration Appeals' ("BIA") determination that his conviction for attempted kidnapping under California Penal Code

§ 207(a) is an aggravated felony because it is categorically a crime of violence.[1] We agree and deny the petition.

Delgado, a citizen of El Salvador, was lawfully admitted to the United States on July 23, 2001, and became a lawful permanent resident in 2003. He pled guilty to the attempted kidnapping of his cousin on April 12, 2006, and was sentenced to eighteen months in prison. The Department of Homeland Security initiated removal proceedings against Delgado in September of 2006, charging him as removable under INA § 237(a)(2)(A)(iii) as an alien convicted of an aggravated felony under INA § 101(a)(43)(F). The Immigration Judge found that attempted kidnapping under California Penal Code § 207(a) was an aggravated felony. Delgado timely appealed and the BIA affirmed the decision in an unpublished opinion.

We have jurisdiction under 8 U.S.C. § 1252(a)(1), which provides for judicial review of final orders of removal, and under 8 U.S.C. § 1252(a)(2)(D), which provides for judicial review of constitutional and legal questions raised by petitioners found removable based on criminal activity. "[W]e review *de novo* the BIA's determination of questions of law, except to the extent that deference is owed to its interpretation of the governing statutes and regulations." *Garcia-Quintero v. Gonzales*, 455 F.3d 1006, 1011 (9th Cir. 2006). Because the BIA resolved this appeal in an unpublished decision, we defer to its interpretation of the INA only to the extent we find it persuasive. *See id.* at 1014-15.

**[1]** An "aggravated felony" under INA § 101(a)(43)(F) means "a crime of violence (as defined in section 16 of Title

---

[1]Delgado also appealed the BIA's determination that he is ineligible for withholding of removal, asylum, and Convention Against Torture relief because he committed a particularly serious crime. Because Delgado did not properly brief the issue, he has waived this claim. *See Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004) ("Issues not raised in an appellant's opening brief are typically deemed waived.").

18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." Title 18 U.S.C. § 16, in turn, defines the term "crime of violence" as:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Under INA § 101(a)(43)(U), attempts to commit an aggravated felony are treated as if they are completed commissions of the aggravated felony. Delgado does not dispute that his conviction carries a term of imprisonment of at least one year, but argues that it does not qualify as a crime of violence.

**[2]** In determining whether an offense qualifies as an aggravated felony under INA § 101(a)(43)(F), we apply the "categorical approach" to determine whether the "full range of conduct covered by" the relevant state criminal statute "falls within the meaning of" crime of violence under 18 U.S.C. § 16. *Penuliar v. Mukasey*, 528 F.3d 603, 609 (9th Cir. 2008) (internal quotation marks omitted).

California Penal Code § 207(a) defines kidnapping as "forcibly, or by any other means of instilling fear, steal[ing] or tak[ing], or hold[ing], detain[ing], or arrest[ing] any person in this state, and carr[ying] the person into another country, state, or county, or into another part of the same county."

**[3]** Because kidnapping under § 207(a) can be committed by "instilling fear" instead of by force, it does not qualify as a crime of violence under § 16(a). It does qualify, however, under § 16(b). Although it is possible to commit kidnapping without physical force, in the ordinary case force will be pres-

ent and, in any event, all kidnapping cases carry a substantial risk that force will be used. *See James v. United States*, 550 U.S. 192, 207-08 (2007) (the correct inquiry in applying the categorical approach to determine whether a crime carries "a risk of physical injury to others" is whether "the conduct encompassed by the elements of the offense, in the ordinary case, presents" such a risk).

**[4]** Kidnapping under § 207(a) inherently involves a direct confrontation with a victim who is forced or frightened into being moved involuntarily. This sort of confrontation involves the strong probability that the kidnapper will need to "use physical force . . . to accomplish his illegal purpose." *Malta-Espinoza v. Gonzales*, 478 F.3d 1080, 1084 (9th Cir. 2007). Even if a kidnapper sets out to commit the crime via "instilling fear" instead of actual force, there is a substantial risk "that the incident will escalate and that 'the use of physical force might be required in committing [the] crime,' " particularly if the victim resists. *Estrada Rodriguez v. Mukasey*, 512 F.3d 517, 521 (9th Cir. 2007) (quoting *Leocal v. Ashcroft*, 543 U.S. 1, 10 (2004).

Our conclusion follows from our long-standing case law deeming convictions under similar kidnapping statutes to be crimes of violence. *See United States v. Williams*, 110 F.3d 50, 52-53 (9th Cir. 1997) (holding that second-degree kidnapping under Oregon law qualified as a crime of violence under the United States Sentencing Guidelines because of the "inherent risk of physical injury" even if the crime is committed by deception rather than by force); *United States v. Lonczak*, 993 F.2d 180, 181-83 (9th Cir. 1993) (child stealing under California law, a similar offense to kidnapping, is a crime of violence under the United States Sentencing Guidelines even if it is committed by "fradulently" "enticing" a child away from the child's parent because of the risk of "physical injury" to the victim); *United States v. Sherbondy*, 865 F.2d 996, 1009 (9th Cir. 1988) (kidnapping under the Model Penal Code definition, even if accomplished via "trickery or deceit[,] . . . .

entails 'a serious potential risk of physical injury' to the victim, making the offense a violent felony" under 18 U.S.C. § 924(e)(1)).

**PETITION DENIED.**