**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 23 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIRSO ROJAS, | No. 08-74965 |
| Petitioner, | DHS No. A77 108 966 |
| v. | |
| ERIC H. HOLDER JR., United States Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On petition for review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 8, 2010
Pasadena, California

Before: SILVERMAN and GRABER, Circuit Judges, and SCULLIN,[**] District
Judge.

Tirso Rojas petitions for review of the Board of Immigration Appeals'

("BIA") dismissal of his appeal of an immigration judge's decision finding him

removable and denying his motion to terminate proceedings.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Frederick J. Scullin, Jr., Senior United States District
Judge for the Northern District of New York, sitting by designation.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review final orders of removal and under 8 U.S.C. § 1252(a)(2)(D) to review constitutional and legal questions that petitioners, who are removable because of criminal activity, raise.

Furthermore, although we lack jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed" an aggravated felony, 8 U.S.C. § 1252(a)(2)(C), we have jurisdiction to determine whether an offense constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(F) because that is a question of law. *Suazo Perez v. Mukasey*, 512 F.3d 1222, 1225 (9th Cir. 2008) (citing *Morales-Alegria v. Gonzales*, 449 F.3d 1051, 1053 (9th Cir. 2006) (stating that whether an offense constitutes an "aggravated felony" under § 1101(a)(43)(F) is a question of law)).

Rojas was convicted of attempted kidnaping in violation of California Penal Code §§ 207(a), 664. The BIA held that these convictions constituted an aggravated felony crime of violence under § 1101(a)(43)(F). We review *de novo*.

Recently, in *Delgado-Hernandez v. Holder*, 582 F.3d 930, 932 (9th Cir. 2009) (per curiam), we held that attempted kidnaping under California Penal Code

§ 207(a) is a crime of violence under 18 U.S.C. § 16(b) and thus an aggravated

felony under § 1101(a)(43)(F).[1]

*Delgado-Hernandez* is dispositive of the issues that Rojas raises in this case

and dictates a holding that Rojas' convictions for attempted kidnaping constitute an

aggravated felony under § 1101(a)(43)(F).  Therefore, we do not have jurisdiction

to review the BIA's final order of removal.  8 U.S.C. § 1252(a)(2)(C).

For these reasons, we DENY the petition for review.

---

[1] At oral argument, Rojas' counsel acknowledged that *Delgado-Hernandez* is indistinguishable from this case.