**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROGELIO BARRAGAN-LOPEZ, AKA
Rogelio Barragan,

*Petitioner*,

v.

ERIC H. HOLDER JR., Attorney
General,

*Respondent*.

No. 06-74884

Agency No.
A073-834-386

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 6, 2009
Submission Withdrawn June 17, 2010
Resubmitted January 22, 2013
Pasadena, California

Filed January 29, 2013

Before:  William A. Fletcher, Richard R. Clifton,
and Sandra S. Ikuta, Circuit Judges.[*]

Opinion by Judge W. Fletcher

---

## SUMMARY[**]

### Immigration

The panel denied in part and dismissed in part Rogelio Barragan-Lopez's petition for review from the Board of Immigration Appeals' decision finding that his conviction for false imprisonment, in violation of California Penal Code § 210.5, constituted a crime of violence.

The panel held that CPC § 210.5 is a categorical crime of violence under 18 U.S.C. § 16(b), because it involves a substantial risk that force may be used.  The panel held that petitioner was thus removable as an aggravated felon.

---

[*] This case was argued and submitted to a panel that included the Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation. Following Judge Pollak's death, Judge Ikuta was drawn by lot to replace Judge Pollak. Judge Ikuta read the briefs, reviewed the record, and listened to the oral argument.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

John M. Levant, ASK LAW GROUP, Los Angeles, California, for Petitioner.

James A. Hurley, Katharine Clark, Mark Christopher Walters U.S. DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

**OPINION**

W. FLETCHER, Circuit Judge:

Petitioner Rogelio Barragan-Lopez, a citizen of Mexico and lawful permanent resident of the United States, pleaded guilty to false imprisonment in violation of California Penal Code § 210.5. An Immigration Judge ("IJ") subsequently held that Barragan-Lopez's conviction under § 210.5 qualified as a crime of violence under 18 U.S.C. § 16(b), and therefore as an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). The IJ ordered Barragan-Lopez removed, and the Board of Immigration Appeals ("BIA") affirmed. We deny Barragan-Lopez's petition for review.

## I. Background

Barragan-Lopez is a native and citizen of Mexico. He became a conditional legal permanent resident on August 21, 1998.

In 2004, California charged Barragan-Lopez with false imprisonment against his daughter "for purposes of protection from arrest, which substantially increased the risk of harm to

victim and for the purpose of using victim as a shield," a felony under California Penal Code § 210.5. Barragan-Lopez pleaded guilty to the charge. The Superior Court in Los Angeles sentenced him to three years' imprisonment.

On February 1, 2006, the government initiated removal proceedings against Barragan-Lopez. The government eventually reduced the charges to a single charge of removability under 8 U.S.C. § 1227(a)(2)(A)(iii) for having committed an "aggravated felony." The IJ held that Barragan-Lopez's conviction under § 210.5 constituted a categorical crime of violence under 18 U.S.C. § 16(b) – and hence an aggravated felony – and ordered him removed. The BIA affirmed, holding that the offense defined by § 210.5 was categorically a crime of violence under § 16(b). Barragan-Lopez petitioned for review in this court.

## II. Jurisdiction and Standard of Review

Under 8 U.S.C. § 1252(a)(2)(C), this court lacks jurisdiction to review a final order of removal against an alien who is removable based on his conviction for an aggravated felony. *See Huerta-Guevara v. Ashcroft*, 321 F.3d 883, 885 (9th Cir. 2003). However, we retain jurisdiction to determine whether a particular offense constitutes an aggravated felony, *id.*, and we review that question *de novo*. *See, e.g.*, *Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905, 909 (9th Cir. 2004).

## III. Discussion

Barragan-Lopez was convicted under California Penal Code § 210.5, which then provided:

Every person who commits the offense of false imprisonment, as defined in Section 236, against a person for purposes of protection from arrest, which substantially increases the risk of harm to the victim, or for purposes of using the person as a shield is punishable by imprisonment in the state prison for three, five, or eight years.

Section 236 defines "false imprisonment" as "the unlawful violation of the personal liberty of another." Cal. Penal Code § 236. The sole issue before this court is whether Barragan-Lopez's conviction is a crime of violence, thus making him removable as an aggravated felon.

The Immigration and Nationality Act ("INA") provides that an alien who has been convicted of an aggravated felony is removable. 8 U.S.C. § 1227(a)(2)(A)(iii). Section 101(a)(43) of the INA defines "aggravated felony" to include "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). Section 16 of Title 18 in turn defines the term "crime of violence" as:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property

of another may be used in the course of committing the offense.

18 U.S.C. § 16. Only the applicability of § 16(b) is at issue before us. We do not address Barragan-Lopez's arguments based on 18 U.S.C. § 16(a). The BIA's denial of relief was based on its conclusion that § 210.5 was categorically a crime of violence under § 16(b), and we "cannot affirm the BIA or IJ on a ground upon which it did not rely." *Ali v. Holder*, 637 F.3d 1025, 1029 (9th Cir. 2011).

We apply the categorical approach of *Taylor v. United States*, 495 U.S. 575 (1990), to determine whether Barragan-Lopez's conviction under § 210.5 by its nature involves a substantial risk of force under § 16(b), and thus constitutes an aggravated felony. *See Suazo Perez v. Mukasey*, 512 F.3d 1222, 1225 (9th Cir. 2008). To make this determination, "we inquire whether 'the conduct encompassed by the elements of the offense, in the ordinary case, presents' such a risk." *Delgado-Hernandez v. Holder*, 697 F.3d 1125, 1128 (9th Cir. 2012) (quoting *James v. United States*, 550 U.S. 192, 208 (2007)). Under the categorical approach, "an offense qualifies as an aggravated felony 'if and only if the full range of conduct covered by the criminal statute falls within the meaning of that term.'" *Penuliar v. Mukasey*, 528 F.3d 603, 608 (9th Cir. 2008) (alteration omitted) (quoting *Chang v. INS*, 307 F.3d 1185, 1189 (9th Cir. 2002)).

Crimes of violence under § 16(b) are "offenses that naturally involve a person acting in disregard of the risk that physical force might be used against another in committing an offense." *Leocal v. Ashcroft*, 543 U.S. 1, 10 (2004). In *Leocal*, the Supreme Court explained that "[t]he reckless disregard in § 16 relates *not* to the general conduct or to the

possibility that harm will result from a person's conduct, but to the risk that the use of physical force against another might be required in committing a crime." *Id.* According to the Court, the "classic example" of a crime covered by § 16(b) is burglary because "burglary, by its nature, involves a substantial risk that the burglar will use force against a victim in completing the crime." *Id.*

We have previously held that the crimes of resisting arrest and kidnapping are categorical crimes of violence. In *Estrada-Rodriguez v. Mukasey*, 512 F.3d 517 (9th Cir. 2007), we held that "resisting arrest naturally involves the risk that physical force may be used against an officer." *Id.* at 521. The Arizona statute at issue included both the use of physical force and "[u]sing any other means creating a substantial risk of causing physical injury to the peace officer or another." *See* Ariz. Rev. Stat. § 13-2508(A)(2). We held that the offense was a crime of violence even though it could be committed by "other means" than physical force. "When persons undertake resisting arrest under § 13-2508(A)(2), they take the chance that the incident will escalate and that 'the use of physical force against another might be required in committing [the] crime.'" 512 F.3d at 521 (alteration in original) (quoting *Leocal*, 543 U.S. at 10). Further, because the violation of the Arizona statute required an intentional act, it satisfied the mens rea requirement of *Leocal*. *Id.*

We held in *Delgado-Hernandez v. Holder* that the crime of kidnapping under California Penal Code § 207(a) is categorically a crime of violence. Under § 207(a), kidnapping can be committed "forcibly, or by any other means of instilling fear." Cal. Penal Code § 207(a). We held that "an ordinary kidnapping under § 207(a) is a crime of violence because it results in a substantial risk of force."

*Delgado-Hernandez*, 697 F.3d at 1133. Kidnapping carries with it "the ever-present possibility that the victim may . . . decide to resist, in turn requiring the perpetrator to resort to actual physical restraint if he is to carry out the criminal plan." *Id.* at 1131 (quoting *United States v. Kaplansky*, 42 F.3d 320, 324 (6th Cir. 1994)). Thus, while one might "imagine . . . a kidnapping under § 207[] with minimal risk of force," we concluded "that the *ordinary* case of kidnapping involves a risk of violence." *Id.* at 1129.

False imprisonment under § 210.5 is similar to both evading arrest and kidnapping in that "by its nature" it carries "a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b); *see Delgado-Hernandez*, 697 F.3d at 1133; *Estrada-Rodriguez*, 512 F.3d at 521. Section 210.5 imposes an enhanced punishment of imprisonment of three, five, or eight years if false imprisonment is committed either (1) for "protection from arrest, which substantially increases the risk of harm to the victim" or (2) "for purposes of using the person as a shield." Cal. Penal Code § 210.5. In the ordinary case where this section applies, the perpetrator uses a hostage to protect himself from arrest or from harm. In such a situation, the perpetrator may use physical force to retain control over the hostage or to discourage the police or other parties from intervening. There is also a possibility that the police or other parties may take actions that result in physical force being applied to the hostage or another person. We therefore conclude that the crime of false imprisonment under § 210.5 for purposes of protection from arrest or use as a shield "by its nature[] involves a substantial risk that physical force . . . may be used in the course of committing the offense." 18 U.S.C. § 16(b).

It is irrelevant that § 210.5 does not include as an element of the offense a "substantial risk that physical force against the person or property of another may be used." 18 U.S.C. § 16(b). Even if the perpetrator does not directly use force or violence against the hostage in committing the false imprisonment, he certainly "take[s] the chance that the incident will escalate and that 'the use of physical force against another might be required in committing [the] crime.'" *Estrada-Rodriguez*, 512 F.3d at 521 (alteration in original) (quoting *Leocal*, 543 U.S. at 10). Further, a person unlawfully violating "the personal liberty of another," Cal. Penal Code § 236, "for purposes of protection from arrest" or "using the person as a shield," *id.* § 210.5, performs an intentional act that satisfies the mens rea requirement of *Leocal*. *See Estrada-Rodriguez*, 512 F.3d at 521. This is all that the statute requires.

Our conclusion is not at odds with *United States v. Gonzalez-Perez*, 472 F.3d 1158 (9th Cir. 2007), which held that a false imprisonment conviction under Florida law was not a crime of violence under § 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines. *See id.* at 1159. The Application Note to that section of the guidelines defines "crime of violence" as including specified crimes, as well as "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." § 2L1.2, cmt. n.1(B)(iii). This language is substantially the same as the language in § 16(a), which defines crime of violence to mean "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." But the Application Note to § 2L1.2(b)(1)(A)(ii) does not include the language in § 16(b), which defines a crime of violence as also including an offense

that, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." As explained above, a crime committed in violation of California Penal Code § 210.5 meets this § 16(b) requirement because it involves a substantial risk that force may be used. Therefore, it constitutes a "crime of violence" under § 16(b) even if it does not include an element of force as is required by § 16(a) and § 2L1.2(b)(1)(A)(ii). Because *Gonzalez-Perez* did not address the "substantial risk" issue, its holding that false imprisonment under Florida law was not a crime of violence for purposes of § 2L1.2 is not applicable here.

## IV.  Conclusion

We conclude that a violation of California Penal Code § 210.5 is categorically a crime of violence under 18 U.S.C. § 16(b), and is thus an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). We otherwise lack jurisdiction to review Barragan-Lopez's final order of removal.

**Petition for review DENIED in part and DISMISSED in part.**