**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALEKSANDR DMITRIYEVICH
GUSHTYUK,

               Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

               Respondent.

No. 12-70747

Agency No. A071-420-999

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 5, 2013[**]
Seattle, Washington

Before: KOZINSKI, Chief Judge, and PAEZ and BERZON, Circuit Judges.

**1.** The BIA properly held that Gushtyuk's conviction for assault in the

second degree with sexual motivation, in violation of Washington Revised Code

sections 9A.36.021(1)(a) and 9.9A.835, constituted a conviction for an aggravated

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

felony as defined in 8 U.S.C. § 1101(a)(43). His crime of conviction "has as an element the use, attempted use, or threatened use of physical force against the person of another," *United States v. Lawrence*, 627 F.3d 1281, 1288 (9th Cir. 2010) (internal quotation marks omitted), and therefore is categorically a "crime of violence" as defined in 18 U.S.C. § 16(a).

**2.** Gushtyuk's argument, based on the state of Washington's acceptance of guilty pleas in cases in which there is a factual basis for the original charge against the defendant but not for the ultimate charge of conviction, does not support the contrary conclusion. *See State v. Zhao*, 137 P.3d 835 (Wash. 2006); *In re Barr*, 684 P.2d 712 (Wash. 1984). In applying the categorical approach, we examine the range of conduct encompassed by the elements of the crime of conviction and determine whether that crime is one to which Congress intended to attach immigration consequences. *See Barragan-Lopez v. Holder*, 705 F.3d 1112, 1115 (9th Cir. 2013). This inquiry is not concerned with the facts underlying the conviction. *See Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013). It therefore does not matter whether those facts would establish the elements of an aggravated felony.

**3.** Pursuant to 8 U.S.C. § 1252(a)(2)(C), because Gushytuk is "an alien who is removable based on his conviction for an aggravated felony," we lack

2

jurisdiction to review the final order of removal he challenges. *See Barragan-Lopez*, 705 F.3d at 1114.

**DENIED IN PART AND DISMISSED IN PART.**