**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR DIAZ-CORTEZ, AKA Victor Diaz Cortez, AKA Victor Diaz-Cortezz, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-73721 <br><br> Agency No. A200-876-999 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2014[**]
Seattle, Washington

Before: PAEZ, BYBEE, and CALLAHAN, Circuit Judges.

Petitioner-Appellant Victor Diaz-Cortez ("Diaz-Cortez") petitions for review

of the Board of Immigration Appeals's ("BIA's") dismissal of his appeal of the

Immigration Judge's ("IJ's") decision denying his request for a sixth continuance,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

finding him removable, and denying his applications for cancellation of removal. Diaz-Cortez requests that the court remand his case to the IJ for consideration of ameliorative relief as set forth in the Federal First Offender Act ("FFOA"). We deny the petition for review.[1]

This court reviews an IJ's discretionary denial of a continuance for abuse of discretion. *Peng v. Holder*, 673 F.3d 1248, 1253 (9th Cir. 2012). Questions of law are reviewed de novo. *Barragan-Lopez v. Holder*, 705 F.3d 1112, 1114 (9th Cir. 2013); *see also Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012).

Pursuant to 8 C.F.R. § 1003.29, an IJ, at her discretion, may grant a continuance upon the showing of good cause. *Cui v. Mukasey*, 538 F.3d 1289, 1292 (9th Cir. 2008). In reviewing an IJ's denial of a motion for continuance, the court considers a variety of factors, including the number of prior continuances and the inconvenience to the court. *Id.* Here, considering the totality of the circumstances, the IJ did not abuse her discretion in denying Diaz-Cortez's request for a sixth continuance.

Moreover, Diaz-Cortez's underlying arguments do not merit remand. First, Diaz-Cortez sought a continuance to allow him to collaterally attack his state

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

controlled substance conviction under *Padilla v. Kentucky*, 559 U.S. 356 (2010).

He did not seek a continuance based on the FFOA. "Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." *Rashtabadi v. I.N.S.,* 23 F.3d 1562, 1567 (9th Cir. 1994); *see also* 8 U.S.C. § 1252(d)(1).

Second, nothing in the record shows that Diaz-Cortez filed any action attacking his state conviction under *Padilla* or the FFOA. Third, our decision in *Lujan-Armendariz v. I.N.S.*, 222 F.3d 728 (9th Cir. 2000), only applies to state convictions for simple drug possession entered prior to July 14, 2011 that have been expunged under a state rehabilitative statute satisfying the requirements of the FFOA. *Nunez-Reyes v. Holder*, 646 F.3d 684, 694 (9th Cir. 2011) (en banc); 18 U.S.C. § 3607; *see also Chavez-Perez v. Ashcroft*, 386 F.3d 1284, 1291 (9th Cir. 2004). There is no record evidence that Diaz-Cortez's conviction has been expunged or that a similar applicable state rehabilitative statute exists.

Diaz-Cortez's conviction renders him ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1).

The petition is **DENIED**.