**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HAYK ARAKELYAN, AKA Levon Arakelyan, AKA Mike Arakelyan, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 12-70750 <br><br> Agency No. A071-113-206 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2015[**]
San Francisco, California

Before: TALLMAN and CALLAHAN, Circuit Judges and ROSENTHAL,[***]
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Lee H. Rosenthal, District Judge for the U.S. District Court for the Southern District of Texas, sitting by designation.

Hayk Arakelyan, a citizen of Armenia, petitions for review of a Board of Immigration Appeals ("BIA") affirmance of an Immigration Judge's ("IJ") order finding Arakelyan removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as an aggravated felon. Arakelyan claims that his conviction for attempting to obtain or possess a credit card without the cardholder's consent is not an aggravated theft offense, because the statute at issue is not a categorical match to the federal definition of a theft offense. Although we lack jurisdiction to review removal orders against an alien who is removable because they have been convicted of an aggravated felony, 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction over questions of law and thus have jurisdiction to determine if the conviction is an aggravated felony, a question which we review de novo. 8 U.S.C. § 1252(a)(2)(D); *see Estrada-Rodriguez v. Mukasey*, 512 F.3d 517, 519 (9th Cir. 2007). We deny the petition for review.[1]

**1.** Arakelyan was convicted of violating NRS § 205.690(2). This statute criminalizes "possess[ion] [of] a credit card or debit card without the consent of the cardholder and with the intent to circulate, use, sell or transfer the credit card or debit card with the intent to defraud."

---

[1] Because the parties are familiar with the facts and procedural history, we restate them here only as necessary to explain our decision.

To determine whether a state offense is an aggravated felony, we compare the elements of the state offense with those of the federal definition of the offense to determine if there is a categorical match. *See Taylor v. United States*, 495 U.S. 575, 598–602 (1990). If the state statute is not overbroad and has no alternative elements, then it is a categorical match and there is no need to perform the modified categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2283–86 (2013); *Taylor*, 495 U.S. at 599–602.

An aggravated felony theft offense is "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G). The generic federal definition of a theft offense is "taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of [the] rights and benefits of ownership, even if such deprivation is less than total or permanent." *Huerta-Guevara v. Ashcroft*, 321 F.3d 883, 886 (9th Cir. 2003).

The Nevada statute matches the generic definition of a theft offense. The first element, taking of property or exercise of control over property, matches the element of "possession of a credit card" in the Nevada statute — a person cannot possess another's property without necessarily exercising control over the property. The second element, without consent, is nearly identical in the Nevada

3

statute and the generic definition. The third element, criminal intent to deprive the owner of rights and benefits, is implicit in the Nevada statute. The statute requires possession of a credit card without the cardholder's consent and with the intent to defraud the cardholder, which necessarily includes the intent to deprive the owner of his rights. *See Randhawa v. Ashcroft*, 298 F.3d 1148, 1154 (9th Cir. 2002) (holding that a person who possesses something he or she knows to be stolen "necessarily intends to deprive the [] true owner of his or her rights and benefits of ownership."). Finally, NRS § 205.690(2) is a category D felony, punishable by not less than one and not more than four years' imprisonment. This meets § 1101(a)(43)(G)'s definition of a theft offense for which punishment is at least one year imprisonment. Accordingly, we conclude that Arakelyan's conviction under NRS § 205.690(2) is categorically an aggravated felony theft offense under § 1101(a)(43)(G).

**2.** Arakelyan urges us to follow the Fourth Circuit opinion in *Soliman v. Gonzales*, 419 F.3d 276 (4th Cir. 2005), where the court applied the modified categorical approach to a Virginia credit card theft and fraud statute. However the Nevada statute, unlike the Virginia statute, does not contain alternative elements and thus does not allow for the application of the modified categorical approach.

4

Therefore, as the modified categorical approach is not applicable, the Fourth Circuit's opinion in *Soliman* is inapposite.

The petition for review is DENIED.