**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

AUG 09 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| NATHAN BROOKS MANUELITO, | No. 15-16239 |
| Petitioner - Appellant, | D.C. No. 3:13-cv-08071-PGR |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, Senior District Judge, Presiding

Argued and Submitted July 8, 2016
San Francisco, California

Before: NGUYEN and NOONAN, Circuit Judges and ANELLO,** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Michael M. Anello, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

Federal prisoner Nathan Brooks Manuelito appeals *pro se* from the district court's denial of his 28 U.S.C. § 2255 motion. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review *de novo* the district court's decision to deny a section 2255 motion, *see United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010), and we affirm.

Manuelito contends that his 110-month sentence is unlawful because the district court improperly classified his prior Arizona resisting arrest conviction as a predicate violent offense for purposes of the Sentencing Guidelines' career offender enhancement, U.S.S.G. § 4B1.1. Having not raised the sentencing issue on direct appeal, Manuelito is required to show cause and prejudice to excuse his procedural default of the claim. *See Bousley v. United States,* 523 U.S. 614, 622 (1998); *United States v. Avery,* 719 F.3d 1080, 1083 (9th Cir. 2013).

Manuelito asserts that his appellate counsel was ineffective for failing to argue on appeal that his past resisting arrest conviction was not a crime of violence. *See United States v. McMullen,* 98 F.3d 1155, 1157 (9th Cir. 1996) ("Establishing the elements of an ineffective assistance of counsel claim normally will meet [the] cause and prejudice test."). However, appellate counsel's failure to

2

raise this issue does not fall below an objective standard of reasonableness.

Appellate attorneys do not have a constitutional obligation to raise every non-frivolous issue. *Jones v. Barnes,* 463 U.S. 745, 751-54 (1983); *Miller v. Keeney,* 882 F.2d 1428, 1434 n.10 (9th Cir. 1989).

Further, Ninth Circuit case law supported appellate counsel's understanding at the time of appeal that an Arizona conviction for resisting arrest was a crime of violence. *See Estrada-Rodriguez v. Mukasey*, 512 F.3d 517 (9th Cir. 2007) (holding that an Arizona conviction for resisting arrest was categorically a crime of violence). It was not until more than five years later that this Court determined otherwise, relying on the Supreme Court's decision in *Johnson v. United States*, 559 U.S. 133, 140 (2010), and the Arizona Court of Appeal's decision in *State v. Lee*, 176 P.3d 712, 715 (Ariz. Ct. App. 2008). *See United States v. Flores-Cordero*, 723 F.3d 1085, 1088 (9th Cir. 2013) (holding that "an Arizona conviction for resting arrest cannot be considered categorically a crime of violence under the federal Sentencing Guidelines").

Even though *Johnson* and *Lee* had been decided prior to the time of appeal, neither case explicitly overruled *Estrada-Rodriguez.* Appellate counsel was not

3

required to be prescient regarding novel application of the law in order to provide Manuelito with effective representation. *See United States v. Zamudio*, 787 F.3d 961, 966 (9th Cir. 2015) ("*Strickland* does not require attorneys to make arguments based on cases that have not yet been decided."). It was objectively reasonable for appellate counsel to rely on *Estrada-Rodriguez* at the time of direct appeal. *See Moorman v. Schriro*, 426 F.3d 1044, 1060 (9th Cir. 2005) (stating counsel's failure to raise claims "constitutes 'cause' sufficient to lift the state procedural bar only if he was indeed ineffective in failing to raise them"). Thus, Manuelito fails to show cause for excusing the procedural default of this claim, and we need not address the issue of prejudice. *See Strickland v. Washington*, 466 U.S. 688, 697 (1984) ("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.").

Nor did trial counsel's performance fall below an objective standard of reasonableness. Trial counsel reasonably relied on *Estrada-Rodriguez* when deciding not to object to the classification of Manuelito's resisting arrest

conviction as a categorical crime of violence, and predicate offense for purposes of the Sentencing Guidelines' career offender enhancement. The Supreme Court decided *Johnson* twenty days before Manuelito was sentenced, however, *Johnson* did not explicitly overrule *Estrada-Rodriguez*. Furthermore, Ninth Circuit law at the time required application of the modified categorical approach. *See Flores-Cordero*, 723 F.3d at 1088-89 (citing *United States v. Aguila-Montes de Oca*, 655 F.3d 915 (9th Cir. 2011) (en banc), overruled by *Descamps v. United States*, 133 S.Ct. 2276, 2283 (2013)). It is not a forgone conclusion that the district court would have declined to classify the conviction as a predicate violent offense under this approach.

Manuelito is not entitled to relief under § 2255.

**AFFIRMED.**