176 P.3d 712

**STATE of Arizona, Appellee,**

v.

**Magnolia CJ LEE, Appellant.**

**No. 1 CA–CR 06–0668.**

Court of Appeals of Arizona, Division 1, Department B.

Feb. 12, 2008.

Terry Goddard, Attorney General by Randall M. Howe, Chief Counsel, Criminal Appeals Section and William Scott Simon, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender by Corey Engle, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

BARKER, Judge.

¶ 1 The issue in this case is the amount of "physical force" that may constitute resisting arrest under Arizona Revised Statutes ("A.R.S.") section 13–2508(A), and whether so-called "minor scuffling" may be sufficient in light of our construction of that statute and its legislative history. Finding that the conduct at issue here is sufficient to support a conviction, we affirm.

1. We view the facts in the light most favorable to sustaining the verdict. *State v. Fernandez*, 216

### *Facts and Procedural Background*[1]

¶ 2 On the evening of March 19, 2005, City of Phoenix Police Officers V, M, and S were attempting to arrest a man for an outstanding warrant outside an apartment complex on Camelback Road. Officers V and M were wearing standard police uniforms. The man being arrested became combative. At this time, Appellant Magnolia Lee ("Lee") approached the officers with questions about the man's possessions. Because of the ongoing struggle, Officer M ordered Lee to stay away from the area of the arrest. Lee continued to approach the officers. Officers M and S turned to her and ordered her again not to approach. Lee again ignored their instructions, continuing to approach Officer M, whose back was turned. Because of the tense situation, Officers M and S determined to arrest Lee for obstructing the arrest of a suspect and began to effect an arrest of Lee.

¶ 3 Officer S grabbed Lee's right arm and Officer M grabbed her left arm. Lee jerked her arm away from Officer M, causing Officer M to lose his balance and all three fell to the ground. Once Lee was on the ground she struggled to keep the officers from placing her arms behind her back before they finally handcuffed her. Once handcuffed, Lee kicked her legs, trying to prevent the officers from gaining control of her.

¶ 4 After a bench trial, Lee was convicted of one count of resisting arrest, a class one misdemeanor. Lee filed a timely appeal. We have jurisdiction pursuant to A.R.S. §§ 12–120.21(A) (2003) and 13–4033 (2001).

### *Discussion*

¶ 5 Lee argues that there was insufficient evidence to sustain the conviction for resisting arrest. Lee's argument is that the physical contact with the police officers was "minor scuffling" that presented no danger to the police officers and was more in the nature of "avoiding" arrest rather than "resisting" arrest. Lee bases her argument primarily on our decision in *State v. Womack*, 174 Ariz. 108, 847 P.2d 609 (App.1992), and

Ariz. 545, 547 n. 3, 169 P.3d 641, 643 n. 3 (App.2007).

the legislative history of A.R.S. § 13–2508(A).

¶ 6 The statute at issue provides:

A person commits resisting arrest by intentionally preventing or attempting to prevent a person reasonably known to him to be a peace officer, acting under color of such peace officer's official authority, from effecting an arrest by:

1. Using or threatening to use physical force against the peace officer or another; or

2. Using any other means creating a substantial risk of causing physical injury to the peace officer or another.

A.R.S. § 13–2508(A) (2001).[2]

¶ 7 In *Womack,* we considered the scope of A.R.S. § 13–2508(A) in the context of an individual who fled on a motorcycle from officers attempting to arrest him and was subsequently convicted of resisting arrest under A.R.S. § 13–2508(A)(2). 174 Ariz. 108, 847 P.2d 609. Police officers in a vehicle attempted to stop the defendant for a traffic violation. *Id.* at 110, 847 P.2d at 611, P.2d at 611. After a chase of several miles, the motorcycle driver was arrested. *Id.* The arrest itself happened without incident. *Id.*

¶ 8 The court reversed the defendant's conviction under A.R.S. § 13–2508(A)(2). *Id.* at 114, 847 P.2d at 615. As part of its analysis, the court noted that A.R.S. § 13–2508 was derived from Hawaii Revised Statutes § 710–1026. *Id.* at 111, 847 P.2d at 612. The *Womack* court noted that the commentator to the Hawaii statute included the following comment:

The Code deals specifically with resisting arrest out of a desire to confine the offense to forcible resistance that involves some substantial danger to the person. Mere non-submission ought not to be an offense. One who runs away from an arresting officer or *who makes an effort to shake off the officer's detaining arm might be said to obstruct the officer physically, but this type of evasion or minor scuffling is not unusual in an arrest,* nor would it be

desirable to make it a criminal offense to flee arrest. In this case the proper social course is to authorize police pursuit and use of reasonable force to effect the arrest. If the actor is captured, he may be convicted of the underlying offense. If conviction cannot be had, it would be a grave injustice to permit prosecution for an unsuccessful effort, by an innocent man, to evade the police.

*Id.* (quoting Haw.Rev.Stat. § 710–1026 cmt. (1985)) (emphasis altered) (footnote omitted). Lee relies on these authorities to argue that the so-called "minor scuffling" in which she engaged cannot form the basis for a claim under either A.R.S. § 13–2508(A)(1) or (2). We disagree.

¶ 9 In the first place, the facts in *Womack* are materially different from those here. There was absolutely no physical contact in *Womack.* 174 Ariz. at 110, 847 P.2d at 611. The defendant in *Womack* fled on a motorcycle from the arresting officers, who were in a car, after never having had any physical contact with them. *Id.* Here, there was undisputed physical contact between the officers and Lee as they attempted to effect the arrest.

¶ 10 Although Lee's testimony contradicted the officers' testimony on all of the key facts surrounding the arrest, it is the trier of fact's role, and not this court's, to "resolve conflicting testimony and to weigh the credibility of witnesses." *State v. Alvarado,* 158 Ariz. 89, 92, 761 P.2d 163, 166 (App.1988). "We review the sufficiency of evidence presented at trial only to determine if substantial evidence exists to support" the verdict. *State v. Stroud,* 209 Ariz. 410, 411, ¶ 6, 103 P.3d 912, 913 (2005). Additionally, when determining whether the evidence was sufficient to sustain a verdict, evidence must be construed in the "light most favorable to sustaining the verdict." *State v. Greene,* 192 Ariz. 431, 436, ¶ 12, 967 P.2d 106, 111 (1998).

■ ¶ 11 Viewed in a light most favorable to sustaining the verdict, the conduct at issue can certainly be viewed as "intentionally preventing or attempting to prevent a person reasonably known ... to be a peace officer

---

**2.** Lee does not argue that she was unaware that the officers were peace officers, and so we do not address that element of the offense.

... from effecting an arrest." A.R.S. § 13–2508(A). This satisfies the predicate requirement under A.R.S. § 13–2508(A) that applies to a conviction under either subsection (A)(1) or subsection (A)(2). For a conviction under subsection (A)(1), the effort to prevent arrest must be by "[u]sing or threatening to use physical force against a peace officer or another." *Id.* Lee's conduct in jerking her arm away from the officers, physically resisting the placement of the handcuffs, and kicking the officers after the handcuffs were placed,[3] meets the (A)(1) requirement.

¶ 12 In reliance on *Womack* and the recitation of the comment from the Hawaii Code, Lee asks us to judicially engraft an additional requirement that the conduct "involve[ ] some substantial danger to the [arresting] person." *Womack,* 174 Ariz. at 111, 847 P.2d at 612 (quoting Haw.Rev.Stat. § 710–1026 cmt. (1985)). We reject this argument. The language of subsection (A)(1) does not require any particular type of physical conduct so long as that conduct qualifies as "physical force against the peace officer or another." A.R.S. § 13–2508(A)(1). Those who use physical force against police officers attempting to arrest them are not entitled to engage in "minor scuffling" whether it is usual or unusual in the context of an arrest. This is consistent with our prior decisions. *See State v. Stroud,* 207 Ariz. 476, 480–81, ¶¶ 15–17, 88 P.3d 190, 194–95 (App.2004) (In attempting to flee from an arrest, the defendant was "kicking his feet" and "pushing on [the officer's] arm."), *rev'd on other grounds,* 209 Ariz. 410, 103 P.3d 912 (2005); *State v. Sorkhabi,* 202 Ariz. 450, 451–52, ¶¶ 2, 9–10, 46 P.3d 1071, 1072–73 (App.2002) (conviction for resisting arrest appropriate when "defendant struggled with" the arresting officers). Nonetheless, we do not suggest that any type of physical force used against a police officer, no matter how inconsequential or slight, will qualify as resisting arrest; moreover, in addition to the (A)(1) requirement, the statute also requires that the physical force used by the person being arrested is "intentionally preventing or attempting to prevent" the officer from effecting the arrest. A.R.S. § 13–2508(A).

¶ 13 Also, when physical force is used or threatened, subsection 13–2508(A)(1) does *not* require a substantial risk of causing physical injury.[4] However, when physical force is not used, subsection 13–2508(A)(2) requires that a substantial risk of causing physical injury to the peace officer or another be present before an action constitutes resisting arrest. The only reasonable interpretation of this difference in language is that the legislature intended to impose a requirement of substantial risk of physical injury when physical force is not used, but did not so intend when physical force is used. *Id.* We note that in neither case did the legislature require—as Lee argues and the Hawaii comment provides—that the substantial risk of physical injury be an injury that "involves some substantial danger to the person." *Womack,* 174 Ariz. at 111, 847 P.2d at 612 (quoting Haw.Rev.Stat. § 710–1026 cmt. (1985)). To the extent that (A)(2) requires a "substantial risk of physical injury," physical injury is defined in the criminal code as "the impairment of physical condition," A.R.S. § 13–105(29) (Supp.2007),[5] not as "some substantial danger to the person" as the Hawaii comment suggests and Lee contends.

¶ 14 Lee also cites us to, and relies upon, that portion of *Womack* which provides that

[w]hen an individual is the object of an attempt to effect his or her arrest, the individual may submit to the arrest, *avoid the arrest,* or resist the arrest. Only the latter conduct constitutes the statutory offense of resisting arrest.

*Id.* at 112, 847 P.2d at 614 (emphasis added). In *Womack,* the context was this court's determination that the defendant's act of fleeing was adequately covered by A.R.S. § 28–622.01 (flight from a pursuing law enforcement vehicle) and that "the defendant's flight

---

**3.** Conduct after handcuffs are placed may be considered in determining whether a person is resisting arrest under A.R.S. § 13–2508. *State v. Mitchell,* 204 Ariz. 216, 218–20, ¶¶ 12–19, 62 P.3d 616, 618–20 (App.2003).

**4.** Our criminal code provides a definition of physical force: " 'Physical force' means force

used upon or directed toward the body of another person and includes confinement, but does not include deadly physical force." A.R.S. § 13–105(28) (Supp.2007).

**5.** A.R.S. § 13–105(29) provides: " 'Physical injury' means the impairment of physical condition."

**518**

was conduct which prevented, without the use of resistance, the effectuation of his arrest." *Id.* at 111–12, 847 P.2d at 612–13. In that context, *Womack* labeled the defendant's conduct "avoiding arrest" and not "resisting arrest." *Id.* at 112, 847 P.2d at 613. Lee claims her conduct here likewise was simply "avoiding" rather than "resisting" arrest and cannot provide the factual basis for the offense.

¶ 15 We note that the language of the statute does not use the term "avoiding" arrest. Rather, it quite plainly states that "a person commits *resisting* arrest by intentionally *preventing* or attempting to *prevent*" an arrest by a police officer if either (A)(1) or (A)(2) is satisfied. A.R.S. § 13–2508(A) (emphasis added). Thus, as to both (A)(1) and (A)(2), the predicate requirement is that conduct which attempts to "prevent" an arrest may statutorily qualify as "resisting" arrest. *Id.* Accordingly, we reject Lee's argument that physical force which may be viewed as avoiding arrest does not result in criminal liability under (A)(1) so long as all other statutory requirements are met. In this regard, the finder of fact must only determine that the physical force was (1) used or threatened "against the peace officer" and (2) intended to "intentionally prevent[ ] or attempt[ ] to prevent" the arrest. A.R.S. § 13–2508(A)(1).

¶ 16 The difference between "avoiding" and "resisting" arrest contemplated in *Womack* was in the context of (A)(2), when physical force was not used. Here, our statutory context is (A)(1), as physical force was used. We need not address, therefore, as *Womack* did, whether "avoiding" arrest may result in criminal liability under (A)(2) when that conduct also "prevents" arrest as the statute provides.

### Conclusion

¶ 17 Because we find that sufficient evidence existed to support the conviction, we affirm.

CONCURRING: DIANE M. JOHNSEN, Judge, and JOHN C. GEMMILL, Judge.

