**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

            v.

MARGARITO FLORES-CORDERO,
            *Defendant-Appellant.*

No. 12-10220

D.C. No.
4:11-cr-02432-
CKJ-GEE-1

OPINION

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted June 13, 2013
Withdrawn From Submission
Resubmitted July 12, 2013
San Francisco, California

Filed July 25, 2013

Before: Mary M. Schroeder and Consuelo M. Callahan,
Circuit Judges, and Sarah S. Vance, Chief District Judge.[*]

Opinion by Judge Schroeder

---

[*] The Honorable Sarah S. Vance, Chief United States District Judge for
the Eastern District of Louisiana, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel vacated a sentence and remanded for resentencing without a "crime of violence" adjustment under U.S.S.G. § 2L1.2(b)(1)(A) based on a prior conviction for resisting arrest in violation of Ariz. Rev. Stat. § 13-2508(A)(1).

The panel held that in light of decisions of Arizona courts, which hold that the use of minimal force is sufficient to constitute "resisting arrest," a conviction under § 13-2508(A)(1) is not categorically a crime of violence within the meaning of federal law, and that *Estrada-Rodriguez v. Mukasey*, 512 F.3d 517 (9th Cir. 2007), to the extent it suggests otherwise, has been superseded by controlling, intervening authority.

Applying *Descamps v. United States*, 133 S. Ct. 2276 (2013), the panel held that because § 13-2508(A)(1) is not a divisible statute with alternative elements, remand for application of the modified categorical approach is not appropriate.

### COUNSEL

Myrna R. Beards (argued), Law Office of Myrna Rodriguez Beards, Tucson, Arizona, for Defendant-Appellant.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

John S. Leonardo, United States Attorney, District of Arizona, Christina M. Cabanillas, Appellate Chief, Matthew C. Cassell (argued), Assistant United States Attorney, Tucson, Arizona, for Plaintiff-Appellee.

## OPINION

SCHROEDER, Circuit Judge:

The issue in this sentencing appeal is whether the defendant's prior Arizona conviction for resisting arrest is a "crime of violence" that authorized a sixteen-level increase to the base offense level under United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2. On the basis of decisions of the Arizona courts that we must follow in ascertaining the scope of the Arizona criminal statute, we hold that the prior conviction was not categorically a crime of violence and therefore vacate the sentence and remand for resentencing.

## BACKGROUND

Defendant-Appellant Margarito Flores-Cordero pled guilty to illegal reentry in violation of 8 U.S.C. § 1326 under an agreement providing that the government could withdraw in the event that the presentence report reflected a prior conviction of a crime of violence. The presentence report showed that Flores-Cordero had a prior conviction for "resisting arrest" in violation of Ariz. Rev. Stat. § 13-2508. The district court held that this conviction was for a crime of violence and relied on this court's decision in *Estrada-Rodriguez v. Mukasey*, 512 F.3d 517 (9th Cir. 2007), an immigration case in which we held that the violation of the Arizona statute was categorically a crime of violence. In

*Estrada-Rodriguez*, we looked primarily to the language of the Arizona statute and to an earlier Arizona case holding that nonviolent flight from an arrest did not violate the Arizona statute. *See State v. Womack*, 847 P.2d 609 (Ariz. Ct. App. 1992). In this appeal, however, Flores-Cordero points to more recent Arizona decisions that clarify the scope of the Arizona criminal statute to include conduct that does not rise to the level of violence within the meaning of the federal statute.

The existence of a prior conviction for a "crime of violence" is important in a number of federal contexts. In the immigration context, noncitizens convicted of crimes of violence are aggravated felons, and therefore ineligible for certain forms of discretionary relief from removal including asylum.     8 U.S.C. § 1227(a)(2)(iii); 8 U.S.C. § 1158(b)(2)(B)(i). Under the Armed Career Criminal Act ("ACCA"), three prior convictions for "violent felonies" establish a defendant as a career criminal and subject him to a potential life sentence. 18 U.S.C. § 924(e)(1). In the illegal reentry context, as we deal with here, the defendant's prior deportation stemming from a conviction for a "crime of violence" gives rise to a significant upward sentencing adjustment. U.S.S.G § 2L1.2(b)(1)(A). Here, Flores-Cordero's Guideline range increased from 18 to 27 months without the adjustment to 70 to 87 months with the adjustment, and the district court imposed a below-Guideline sentence of 63 months.

In all of the federal contexts, the definitions require application of "physical force" for a prior crime to be considered violent. *See* 18 U.S.C. § 16 ("Crime of violence" in immigration context means "an offense that has as an element the use, attempted use, or threatened use of physical

force against the person or property of another."); 18 U.S.C. § 924(e)(2)(B) (In the ACCA context, "violent felony" is any crime that has "as an element the use, attempted use, or threatened use of physical force against the person of another."); U.S.S.G § 2L1.2 cmt. n. 1(B)(iii) (In illegal reentry sentencing scheme, "crime of violence" includes any offense "that has as an element the use, attempted use, or threatened use of physical force against the person of another.").

Flores-Cordero's prior Arizona conviction was for resisting arrest in violation of Ariz. Rev. Stat. § 13-2508(A)(1). That statute provides:

> A. A person commits resisting arrest by intentionally preventing or attempting to prevent a person reasonably known to him to be a peace officer, acting under color of such peace officer's official authority, from effecting an arrest by:
>
> 1. Using or threatening to use physical force against the peace officer or another.

Since all the statutes refer to "physical force," the meaning of that phrase under state and federal law is critical. We must therefore analyze the Arizona statute in light of recent controlling decisions in the federal and Arizona state courts.

## DISCUSSION

The legal framework for our decision in this case was established by the United States Supreme Court in *Johnson*

*v. United States*, 559 U.S. 133 (2010), decided three years after our decision in *Estrada-Rodriguez*. The Court in *Johnson* was concerned with whether a prior state court conviction for battery was a "violent felony" for purposes of the ACCA. *Id.* at 135. The Court stressed in *Johnson* that while interpretation of the federal statute is a question of federal law, the nature of a prior state conviction is determined by state law. *Id.* at 138. The Court said that what constitutes a "violent felony" within the meaning of the ACCA is an issue of federal law, but that in determining the meaning or scope of the crime of conviction, the federal courts are bound by the state courts' interpretations of state criminal statutes. *Id.* The Court then adopted as a matter of federal law the Seventh Circuit's definition of "physical force" that required "force capable of causing physical pain or injury to another person." *Id.* at 140 (citing *Flores v. Ashcroft*, 350 F.3d 666, 672 (7th Cir. 2003)). That definition applies to the Sentencing Guideline at issue here. *See United States v. Villavicencio-Burruel*, 608 F.3d 556, 561–63 (9th Cir. 2010).

The Court in *Johnson* had before it a Florida conviction for battery, and it therefore looked to Florida law to determine what conduct was criminalized under the state statute. 559 U.S. at 138. Because under Florida law, battery included any touching, no matter how slight, the Court held that the Florida battery conviction was not a violent felony within the meaning of the federal statute. *Id.*

In this case, we are concerned with the Arizona statute that criminalizes "resisting arrest." It requires use or threatened use of physical force against an officer. Ariz. Rev. Stat. § 13-2508(A)(1). One of the early Arizona decisions interpreting that statute was *Womack*, 847 P.2d at 609, upon

which we relied in *Estrada-Rodriguez*.  The conduct in *Womack* did not involve any physical contact.  The Arizona court held that the "resisting arrest" statute required use of actual physical force or risk of physical injury.  *Id.* at 613. The court accordingly ruled that nonviolent flight from the prospect of an arrest was not within the scope of the "resisting arrest" statute.  *Id.*

In *Estrada-Rodriguez*, relying on *Womack*, we held that because the Arizona statute required use of force or risk of injury, it qualified as a "crime of violence" within the meaning of the federal statute.  *Estrada-Rodriguez*, 512 F.3d at 521.  We did not deal with the level of force required.

After both *Womack* and *Estrada-Rodriguez*, the Arizona courts decided cases involving resisting arrest where there was physical contact between officers and arrestees.  The leading case is *State v. Lee*, 176 P.3d 712 (Ariz. Ct. App. 2008).  There, the criminal prosecution was prompted by the defendant's struggle to keep from being handcuffed.  *Id.* at 713.  Lee kicked the officers trying to control her.  *Id.*  She argued on appeal that her conduct did not amount to "resisting arrest" because no one was injured or placed in any danger of injury, so the episode amounted to a "minor scuffle" that was outside the scope of the resisting arrest statute.  *Id.*  The Arizona Court of Appeals rejected that argument, holding that because some physical force was used, the conduct was within the scope of the resisting arrest statute.  *Id.* at 705.  The court's holding in *Lee* has been followed consistently in Arizona.  *See State v. Vasquez*, 2011 WL 2418629 (Ariz. Ct. App. June 14, 2011) (unpublished); *State v. Schmitt*, 2010 WL 5018308 (Ariz. Ct. App. Dec. 7, 2010) (unpublished); *State v. Richardson*, 2010 WL 5054454 (Ariz. Ct. App. Dec. 7, 2010) (unpublished).    Under

prevailing Arizona law, the use of minimal force is sufficient to constitute "resisting arrest."

The issue here is whether the conviction under Ariz. Rev. Stat. § 13-2508(A)(1) as interpreted in *Lee* is a crime of violence under the federal Sentencing Guideline for illegal reentry. U.S.S.G. § 2L1.2(b)(1)(A). The Guideline requires use or threatened use of "physical force." The operative definition is that adopted by the U.S. Supreme Court in *Johnson*. 559 U.S. at 140 ("Physical force" is "force capable of causing physical pain or injury to another person.").

We must conclude that the conduct involved in *Lee*, which could be characterized as a "minor scuffle," did not necessarily involve force capable of inflicting pain or causing serious injury as contemplated by the Supreme Court's definition of violence in *Johnson.* The state appellate court did not require there to have been such force in holding that the defendant, by instigating a scuffle with officers, could be guilty of "resisting arrest." After *Lee*, an Arizona conviction for resisting arrest cannot be considered categorically a crime of violence under the federal Sentencing Guidelines.

This court has not had any occasion to examine the Arizona statute since *Estrada-Rodriguez*, decided a year before *Lee*. The only intervening decision of our court making any reference to the Arizona statute is *Flores-Lopez v. Holder*, 685 F.3d 857 (9th Cir. 2012). That case, however, was about whether a California statute qualified as a crime of violence. Distinguishing *Estrada-Rodriguez*, we held that the California statute was not categorically a crime of violence because it encompassed nonviolent conduct. *Id.* at 865. *Flores-Lopez* does not affect our ruling here because we were not dealing with a conviction under Arizona law, and

therefore had no occasion to look to Arizona law to define its scope, as under *Johnson*, we are required to do here.

Accordingly, this is the first case requiring interpretation of the Arizona resisting arrest statute since *Estrada-Rodriguez*. When we decided *Estrada-Rodriguez* in 2007, we did not have the benefit of the Supreme Court's decision in *Johnson* providing the definition of "physical force" under federal law, nor did we have the benefit of the state court's decision in *Lee*, which clarified the scope of the Arizona statute with respect to physical contact. We must now conclude that conviction of "resisting arrest" under Arizona law is not categorically a crime of violence within the meaning of federal law, and that our decision in *Estrada-Rodriguez*, to the extent it suggests otherwise, has been superseded by controlling, intervening authority. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). We hold that Flores-Cordero's prior conviction for resisting arrest in violation of Ariz. Rev. Stat. § 13-2508(A)(1) was not categorically a crime of violence.

Under our law prior to the Supreme Court's recent decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), that conclusion would not end our inquiry. We would have to remand for the district court to determine whether the prior conviction was a crime of violence by looking to judicially noticeable documents under the modified categorical approach. *See United States v. Aguila-Montes de Oca*, 655 F.3d 915 (9th Cir. 2011) (en banc), *overruled by Descamps*, 133 S. Ct. at 2283. The Supreme Court, however, has now decided *Descamps* and has held that the modified categorical approach should not be applied when the statute of prior conviction is indivisible. *Descamps*, 133 S. Ct. at 2293. Use of the modified categorical approach is

appropriate only when the state statute lists multiple, alternative elements, and the federal court is attempting to determine the elements implicated in a particular defendant's violation of the statute. *Id.* at 2285. The government suggests in a supplemental brief addressing *Descamps* that we could remand so the district court may apply the modified categorical approach to determine under which subsection of Ariz. Rev. Stat. § 13-2508 Flores-Cordero was convicted. However, Flores-Cordero's pre-sentence investigation report indicates that his conviction was under section 13-2508(A)(1), and the parties did not dispute this fact in the district court or in their principal briefs on appeal. Since Ariz. Rev. Stat. § 13-2508(A)(1) is not a divisible statute with alternative elements, remand for application of the modified categorical approach is not appropriate.

## CONCLUSION

Flores-Cordero's sentence is **VACATED** and the matter is **REMANDED** for resentencing without any adjustment under U.S.S.G § 2L1.2(b)(1)(A) for a "crime of violence" conviction.