

NOT FOR PUBLICATION

FILED

JUL 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

IBRAHIM FAHAB BARE,

Defendant - Appellant.

No. 13-10192

D.C. No. 3:12-cr-08142-NVW-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted July 7, 2014**
San Francisco, California

Before: FERNANDEZ, N.R. SMITH, and CHRISTEN, Circuit Judges.

Ibrahim Fahab Bare appeals his conviction and sentence for the crimes of

felon in possession of firearms and ammunition.  See 18 U.S.C. §§ 922(g)(1),

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral
argument.  Fed. R. App. P. 34(a)(2).

924(a)(2). We affirm his conviction, vacate his sentence, and remand for resentencing.

(1)    Bare first asserts that the district court erred when it refused to instruct the jury on his proposed defense of justification of firearm and ammunition possession. We disagree. Bare was not entitled to an instruction on justification unless he proffered sufficient evidence "to establish a justification defense." United States v. Phillips, 149 F.3d 1026, 1030 (9th Cir. 1998); see also United States v. Gomez, 92 F.3d 770, 775 (9th Cir. 1996); United States v. Lemon, 824 F.2d 763, 765 (9th Cir. 1987). He did not. Our careful review of the record demonstrates that he failed to present sufficient evidence to establish that he was under a present or imminent threat of serious harm to himself or his family,[1] or that he did not recklessly place himself in danger,[2] or that there were no legal alternatives to his arming himself and firing,[3] or that his action in arming himself

---

[1]See United States v. Vasquez-Landaver, 527 F.3d 798, 802 (9th Cir. 2008); United States v. Becerra, 992 F.2d 960, 964 (9th Cir. 1993); see also Lemon, 824 F.2d at 765.

[2]See United States v. Nolan, 700 F.2d 479, 484–85 (9th Cir. 1983).

[3]See United States v. Wofford, 122 F.3d 787, 791 (9th Cir. 1997); see also Lemon, 824 F.2d at 765.

was actually directly connected to a threat.[4]  In short, it is difficult to meet the justification standard in a felon in possession case,[5] and Bare failed to do so here.

(2)     Bare then contends that when the district court precluded evidence of his justification defense, it violated his right to present a complete defense,[6] but we disagree with that contention also.  His proffer to the district court was not sufficient to present a prima facie case for justification, so evidence thereof was irrelevant and was properly excluded at trial.  See Vasquez-Landaver, 527 F.3d at 802; United States v. Moreno, 102 F.3d 994, 998 (9th Cir. 1996); United States v. Contento-Pachon, 723 F.2d 691, 693 (9th Cir. 1984); see also Wood v. Alaska, 957 F.2d 1544, 1549 (9th Cir. 1992); United States v. Perkins, 937 F.2d 1397, 1401 (9th Cir. 1991).  Moreover, Bare was able to present a complete narrative of the events leading up to his arming himself with and firing a gun.  That allowed in all or virtually all of the evidence covered in his proffer.  The district court did not err. See United States v. Cortes, __ F.3d __, No. 12-50137, 2014 WL 998403, at *4 (9th Cir. Mar. 17, 2014); United States v. Wiggan, 700 F.3d 1204, 1210 (9th Cir.

---

[4]See Wofford, 122 F.3d at 792; see also Lemon, 824 F.2d at 765.

[5]Nolan, 700 F.2d at 484.

[6]See Crane v. Kentucky, 476 U.S. 683, 689–90, 106 S. Ct. 2142, 2146–47, 90 L. Ed. 2d 636 (1986); Moses v. Payne, 555 F.3d 742, 756–57 (9th Cir. 2009).

3

2012).

(3)    Bare, finally, asserts that the district court plainly erred when it calculated his guideline range on the basis that he had previously committed a crime of violence.  See USSG §2K2.1(a)(3).  We agree.  See United States v. Flores-Cordero, 723 F.3d 1085, 1088 (9th Cir. 2013).  That error elevated his base offense level by two points.  Compare USSG §2K2.1(a)(3), with USSG §2K2.1(a)(4)(B).  We recognize that the error was not plain at the time Bare was sentenced,[7] but whether we deem the law settled against him at that time or (due to intervening case law) unsettled, we apply the plain error standard.[8]  Moreover, this record demonstrates that there is "a reasonable probability that [he] would have received a different sentence if the district court had not erred."  United States v. Tapia, 665 F.3d 1059, 1061 (9th Cir. 2011) (internal quotation marks omitted); see also United States v. Vargem, 747 F.3d 724, 728 (9th Cir. 2014).  Bare has satisfied his burden.  See United States v. Joseph, 716 F.3d 1273, 1280 n.9 (9th Cir. 2013); cf. United States v. Leal-Vega, 680 F.3d 1160, 1169–70 (9th Cir. 2012), cert. denied, __ U.S. __, 133 S. Ct. 982, 184 L. Ed. 2d 765 (2013).

_____

[7]See Flores-Cordero, 723 F.3d at 1088.

[8]See Henderson v. United States, __ U.S. __, __, 133 S. Ct. 1121, 1125, 1130–31, 185 L. Ed. 2d 85 (2013); Johnson v. United States, 520 U.S. 461, 468, 117 S. Ct. 1544, 1549, 137 L. Ed. 2d 718 (1997).

4

The district court was concerned about Bare's violent past, and our determination that, as a matter of law, he had not been convicted of a crime of violence might well affect the district court's sentencing decision. Furthermore, the district court did not consider the possibility of a lower guideline range calculation. See United States v. Munoz-Camarena, 631 F.3d 1028, 1031 (9th Cir. 2011) (per curiam); cf. United States v. Bonilla-Guizar, 729 F.3d 1179, 1189 (9th Cir. 2013). Finally, if the error did result in a higher sentence, that would "seriously affect[ ] the fairness, integrity or public reputation" of this judicial proceeding. Tapia, 665 F.3d at 1061.

We, therefore, vacate Bare's sentence and remand for resentencing on an open record. See United States v. Gunning, 401 F.3d 1145, 1148 (9th Cir. 2005); United States v. Matthews, 278 F.3d 880, 885–86, 889 (9th Cir. 2002) (en banc).

Conviction AFFIRMED; sentence VACATED; REMANDED for resentencing.