NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

DAVID MOISES MORALES, *Appellant.*

No. 1 CA-CR 13-0697
FILED 07-29-2014

---

Appeal from the Superior Court in Yuma County
No. S1400CR201300145
The Honorable David M. Haws, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Michael A. Breeze
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

**B R O W N**, Judge:

¶1          David Moises Morales appeals his conviction and sentence for misconduct involving weapons.  Counsel for Morales filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), advising that after searching the record on appeal, he was unable to find any arguable grounds for reversal. Morales was given the opportunity to file a supplemental brief *in propria persona*.  He has not done so, but has raised two issues for review through counsel.

¶2          Our obligation is to review the entire record for reversible error.  *State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999). We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Morales.  *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).  Finding no reversible error, we affirm.

¶3          The State charged Morales with one count of misconduct involving weapons as a prohibited possessor, a class 4 felony, pursuant to Arizona Revised Statutes ("A.R.S.") section 13-3102(A)(4).  The following evidence was presented at trial.

¶4          In February 2013, Morales was involved in a verbal altercation in the parking lot of a restaurant.  A number of individuals were present, including one who was physically assaulted. During the altercation, another person was able to flag down Officer McCaslin, who was on duty and driving his patrol car near the restaurant.

¶5          As McCaslin arrived on scene, Morales, along with others, climbed into a car.  McCaslin saw the car turn into the drive-thru lane of the restaurant, hit a curb, and stop behind a vehicle waiting in line. Morales opened the door on the front passenger side and fled.  McCaslin commanded the driver and other passengers to exit the vehicle.  While conducting a search of the vehicle, McCaslin found a pistol concealed

underneath a hard hat on the front passenger-side floor. Morales was arrested about fifteen hours after he fled.

¶6 Officer Daniels testified that Morales initially denied being present at the restaurant or having any knowledge of the gun. However, Officer Hundley testified that during the booking process, Morales insinuated that the gun belonged to his brother and commented that "[my] fingerprints are going to be on it." Morales testified that his fingerprints would be on the gun because his brother had shown it to him several weeks earlier, and Morales touched the gun while pushing it away. A forensic expert testified that although she found two fingerprints on the gun, they did not have any value for comparison.

¶7 A jury found Morales guilty as charged and the trial court sentenced him to a presumptive term of 4.5 years' imprisonment, with 219 days of presentence incarceration credit. Morales timely appealed.

## DISCUSSION

¶8 Through counsel, Morales argues he is not guilty because he did not have possession of the gun, which we construe as challenging the sufficiency of the evidence. We review claims challenging the sufficiency of the evidence de novo. *State v. Bible*, 175 Ariz. 549, 595, 858 P.2d 1152, 1198 (1993). In doing so, we determine whether substantial evidence exists to support the jury verdict, which is evidence that reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt. *State v. Stroud*, 209 Ariz. 410, 411-12, ¶ 6, 103 P.3d 912, 913-14 (2005). Evidence sufficient to support a conviction may be either circumstantial or direct. *State v. Pena*, 209 Ariz. 503, 505, ¶ 7, 104 P.3d 873, 875 (App. 2005). The trier of fact must resolve conflicting testimony and weigh the credibility of witnesses in making such determinations. *State v. Lee*, 217 Ariz. 514, 516, ¶ 10, 176 P.3d 712, 714 (App. 2008).

¶9 To convict Morales for misconduct involving weapons as a prohibited possessor under A.R.S. § 13-3102(A)(4), the State had to prove Morales "knowingly possessed a deadly weapon," and that he was a "prohibited possessor" because he had previously been convicted of a felony and had not had his rights restored. The trial court properly instructed the jury that "possession" included "constructive possession," stating that the possession under A.R.S. § 13-3102 could also include "not actually possessing an object, [but] knowingly exercis[ing] dominion or control over it." Evidence presented at trial showed that Officer McCaslin found a gun on the floor of the front passenger seat where Morales had

been sitting. Morales fled from the vehicle when police arrived and he later told police his fingerprints would be on the gun. Morales also admitted at trial he was a prohibited possessor. We conclude that a reasonable jury could find the evidence sufficient to support Morales' conviction for misconduct involving weapons.

**¶10**        Morales also argues, through counsel, that his trial attorney was ineffective. A claim of ineffective assistance of counsel, however, will not be considered on direct appeal regardless of its merit. *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9, 39 P.3d 525, 527 (2002).

**¶11**        We have searched the entire record for reversible error and find none. All of the proceedings were in accordance with Arizona Rules of Criminal Procedure. The record shows Morales was present at all pertinent proceedings and was represented by counsel. Morales had an opportunity to speak before sentencing, and the sentence imposed was within the statutory limits. Therefore, we affirm Morales' conviction and sentence.

**¶12**        Upon the filing of this decision, counsel shall inform Morales of the status of the appeal and his options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Morales shall have thirty days from the date of this decision to proceed, if he so desires, with a *pro per* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: gsh