NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

JEROME LESTER, *Appellant*.

No. 1 CA-CR 19-0096

FILED: 11-19-2019

---

Appeal from the Superior Court in Navajo County
No. S0900CR201600494
The Honorable Ralph E. Hatch, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Criss Candelaria Law Office, Concho
By Criss E. Candelaria
*Counsel for Appellant*

Jerome Lester, Eloy
*Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Kent E. Cattani joined.

---

**B R O W N,** Judge:

¶1        This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal. Defendant Jerome Lester was given the opportunity to file a supplemental brief and has done so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against Lester, *State v. Guerra*, 161 Ariz. 289, 293 (1989).

### BACKGROUND

¶2        Lester was charged with three counts of aggravated assault (Counts 1–3), resisting arrest (Count 4), and threatening and intimidating (Count 5). Before trial, the superior court granted the State's motion to dismiss Counts 2, 3, and 5. The following evidence was presented at trial relating to Counts 1 and 4.

¶3        Lester was detained by law enforcement officers while they conducted an investigation unrelated to Lester's convictions in this case. After concluding the other matter, Officer Dashee and Officer Rhoads attempted to arrest Lester. Dashee told Lester to sit down in the patrol car, but he refused. As the officers tried to place Lester in the backseat, Lester used his knee to hit Dashee in the groin area and tried to kick him. Lester then threatened to kill the officers, but eventually they were able to gain control and took him to the police department.

¶4        A jury found Lester not guilty of aggravated assault but guilty of resisting arrest. At the sentencing hearing, the superior court determined that Lester committed the crime while on release from parole, and he had at least two prior historical convictions. The court then sentenced Lester to

four years in prison, with 684 days of presentence incarceration credit.[1] Lester timely appealed.

## DISCUSSION

¶5        In his supplemental brief, Lester first argues the jury instructions on resisting arrest and passive resistance were re-worded and did not match the statutory language of A.R.S. § 13-2508. We review de novo whether jury instructions correctly state the law, *State v. Yazzie*, 232 Ariz. 615, 616, ¶ 5 (App. 2013), finding reversible error only if, taken as a whole, the instruction would mislead the jurors, *State v. Dann*, 220 Ariz. 351, 367, ¶ 81 (2009) (citation omitted). Section 13-2508(A) provides as follows:

> A person commits resisting arrest by intentionally preventing or attempting to prevent a person reasonably known to him to be a peace officer, acting under color of such peace officer's official authority, from effecting an arrest by:
>
> 1. Using or threatening to use physical force against the peace officer or another.
>
> 2. Using any other means creating a substantial risk of causing physical injury to the peace officer or another.
>
> 3. Engaging in passive resistance.

¶6        The jury instruction used here by the superior court, copied almost verbatim from the Revised Arizona Jury Instructions, tracks the essential language from § 13-2508(A) and thus correctly stated the law for resisting arrest. RAJI (Criminal) 4th § 25.08. Lester's challenge to the passive resistance instruction is also misplaced. Lester was charged with violating § 13-2508(A)(1) (resisting arrest by using or threatening physical force), a class 6 felony, but he was not charged with violating § 13-2508(A)(3) (engaging in passive resistance), a class 1 misdemeanor. *See* A.R.S. § 13-2508(B). Accordingly, he could not have been convicted of that crime. We also note that, without objection by either party, the court instructed the jury on passive resistance as a "lesser-included offense" of resisting arrest. Passive resistance, however, is not a lesser-included offense of resisting arrest under (A)(1); it is merely "an alternative way to

---

[1]        The court awarded Lester one extra day of presentence incarceration credit. Because the State did not cross-appeal the court's calculation, we have no authority to correct it. *See State v. Dawson*, 164 Ariz. 278, 286 (1990).

commit resisting arrest," *State v. Matthews*, 245 Ariz. 281, 285, ¶ 15 (App. 2018), but with a lesser punishment, § 13-2508(B). Although the court erred in instructing the jury it could find Lester guilty of passive resistance, Lester was not prejudiced because the error cut in his favor by allowing the jury to consider whether it should find him guilty of a less serious offense. The jury declined to do so, and therefore no fundamental error occurred. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 20 (2005) (explaining error is not reversible unless prejudice is shown).

¶7        Lester also argues the bodycam footage of the incident does not show that he used physical force, threatened to use physical force, or used any means of creating a substantial risk of causing physical injury to the officers. He therefore contends he should have been convicted of passive resistance, a class 1 misdemeanor. As noted above, he was not charged with passive resistance, and it is not a lesser-included offense of resisting arrest. Thus, we construe Lester's argument as challenging the sufficiency of the evidence for his conviction of resisting arrest. It is "fundamental error to convict a person for a crime when the evidence does not support a conviction." *State v. Stroud*, 209 Ariz. 410, 412, ¶ 6 n.2 (2005) (citation omitted). "We review the sufficiency of evidence presented at trial only to determine if substantial evidence exists to support the jury verdict." *Id.* at ¶ 6. The evidence may be circumstantial or direct. *State v. Pena*, 209 Ariz. 503, 505, ¶ 7 (App. 2005).

¶8        Officer Dashee and Officer Rhoads were both in full police uniforms when they arrested Lester. The bodycam footage shows, and Dashee testified, that Lester was pulling away from the officers and yelled at the officers, "I'll kill you," as they attempted to arrest him. Dashee also testified Lester kicked him while he was attempting to effectuate the arrest. Thus, substantial evidence supports Lester's conviction for resisting arrest.

¶9        Lester also argues "the officer lied under oath" about what happened during his arrest. Although some of the officers' testimony may conflict with the bodycam footage, the footage does not capture every portion of the altercation. Regardless, it is the jury's role to resolve conflicting evidence and weigh the credibility of witnesses. *State v. Lee*, 217 Ariz. 514, 516, ¶ 10 (App. 2008).

¶10       Lester next argues the prosecutor "withheld parts of the footage from the bodycam" at trial and presented different footage at trial than he had previously disclosed to the defense. Before trial, the prosecutor told the court and defense counsel, with Lester present, that a portion of the audio had been redacted where Lester stated, "I have been to prison too

many times," because it could prejudice the jury. Lester has not directed us to anywhere in the record indicating the bodycam video was otherwise altered nor has he explained what other parts were left out at trial. Nor has Lester indicated he was prejudiced by the prosecutor redacting the portion where he stated he had previously been to prison. Thus, we find no error.

¶11 Lester contends that contrary to Officer Dashee's report, Dashee did not tell Lester he was being arrested for aggravated assault and he was not given *Miranda* warnings, rendering his arrest unconstitutional. Officers are required to give *Miranda* warnings only when interrogating a suspect who is in custody. *State v. Maciel*, 240 Ariz. 46, 49, ¶ 10 (2016). "[A]dmission of an accused's spontaneous, voluntary statement that is not made in response to police interrogation does not violate the defendant's *Miranda* rights." *State v. Carter*, 145 Ariz. 101, 106 (1985). The only statements Lester made that were introduced at trial were spontaneous statements he made to the officers while they were attempting to arrest him. These statements were not made in response to interrogation; thus, *Miranda* warnings were not necessary at that time. As to Lester's assertion that he should have been informed of the aggravated assault charge when he was arrested, the officers could not have done so because the charges were not formalized until the indictment was filed.

¶12 Finally, Lester suggests that his counsel should have raised these issues at trial. Ineffective assistance of counsel claims, however, can only be raised by filing a petition for post-conviction relief under Arizona Rule of Criminal Procedure 32. *See State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002).

## CONCLUSION

¶13 After a thorough review of the record and supplemental brief, we find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Lester was present and represented by counsel at all critical stages of the proceedings against him. The evidence presented supports the conviction, and the sentence imposed falls within the range permitted by law. As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Lester's constitutional and statutory rights. Therefore, we affirm Lester's conviction and sentence.

¶14 Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Lester of the outcome of this appeal and his future options. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Lester has 30 days

from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:          RB